## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## TAMPA DIVISION

TRACEY NICOLE BACK,

               Plaintiff,

v.                                      Case No. 8:23-cv-1185-JRK

MARTIN J. O'MALLEY,
Commissioner of Social Security,[1]

               Defendant.

_____

## OPINION AND ORDER[2]

## I.   Status

Tracey Nicole Back ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's initial alleged inability to work was the result of "anxiety[,] panic attacks[,] excessive worry[,] irritable bowel syndrome[, a] learning disability[,] blackout episodes[, a] mitral valve prolapse," as well as "fatigue"

---

[1]     Mr. O'Malley was sworn in as Commissioner of the Social Security Administration on December 20, 2023. Pursuant to Rule 25(d)(1), Federal Rules of Civil Procedure, Mr. O'Malley should be substituted for Kilolo Kijakazi as Defendant in this suit. No further action need be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2]     The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 14), filed July 21, 2023; Reference Order (Doc. No. 15), entered July 24, 2023.

and "an inflamed marker in [a] blood test." Transcript of Administrative Proceedings (Doc. No. 12; "Tr." or "administrative transcript"), filed July 19, 2023, at 125, 140, 156, 172, 361 (some capitalization omitted).[3] Later in the proceedings, Plaintiff added "headaches, fibromyalgia, . . .acid reflux, asthma, . . . psychosomatic disorder, . . . obsessive compulsive disorder, . . . attention deficit disorder, and attention deficit hyperactivity disorder" as impairments that render her unable to work. Tr. at 1483; see Tr. at 1625.

On November 17, 2017 and March 23, 2018, respectively, Plaintiff protectively filed the DIB and SSI applications, alleging a disability onset date of October 31, 2016 in the DIB application and October 1, 2016 in the SSI application. Tr. at 326-27 (DIB), 328-33 (SSI).[4] The applications were denied initially, Tr. at 139-50, 151, 153, 200-04 (DIB), 124-38, 152, 154, 205-09 (SSI), and upon reconsideration, Tr. at 155-70, 191, 193, 211-18 (DIB), 171-90, 192, 194, 219-26 (SSI).

On May 28, 2020, an Administrative Law Judge ("ALJ") held a hearing,[5] during which the ALJ heard from Plaintiff, who appeared with a

---

[3]     Some of the cited documents are duplicated in the administrative transcript. Citations are to the first time a document appears.

[4]     The DIB application was actually filed on November 20, 2017, and the SSI application was actually filed on May 9, 2018. See Tr. at 326 (DIB), 328 (SSI). The administrative transcript reflects Plaintiff's DIB protective filing date as November 17, 2017 and SSI protective filing date as March 23, 2018. Tr. at 140, 156 (DIB), 125, 172 (SSI).

[5]     The hearing was held telephonically because of extraordinary circumstances caused by the earlier stages of the COVID-19 pandemic. Tr. at 37.

representative,[6] and a vocational expert ("VE"). <u>See</u> Tr. at 35-59. The ALJ issued a decision on June 18, 2020 finding Plaintiff not disabled through the date of the decision. Tr. at 14-26. Plaintiff sought review of the decision by the Appeals Council and submitted additional medical evidence. Tr. at 2, 4-5 (Appeals Council exhibit list and orders), 7-10 (medical evidence), 319-22 (request for review). On October 28, 2020, the Appeals Council denied Plaintiff's request for review, Tr. at 1-3, making the ALJ's decision the final decision of the Commissioner.

Plaintiff appealed the final decision to this Court on December 22, 2020. <u>See</u> Complaint (Doc. No. 1), Case No. 8:20-cv-3046-JBT. On October 25, 2021, the Court entered an Order granting the Commissioner's unopposed motion for entry of judgment with remand and reversing and remanding the matter for further administrative proceedings to include further evaluation of evidence from Dr. Robert Coleman. Tr. at 1448-49; <u>see</u> Tr. at 1446 (Judgment). On remand, the Appeals Council on July 20, 2022 entered an Order vacating the final decision and remanding the matter to an ALJ consistent with the Court's Order but expanding on the Court's instructions. Tr. at 1441-43. The Council also recognized Plaintiff had filed a subsequent claim for SSI benefits on August

---

[6]    The transcript reflects Plaintiff's representative as "Bonnie Tanner [PHONETIC], Attorney for Claimant." Tr. at 35. It appears this may actually be a reference to Plaintiff's representative Bonnie Cannon, who is not an attorney. <u>See</u> Tr. at 7 (letter from Ms. Cannon with credentials), 245 (appointment of representative form).

3, 2021, so the ALJ on remand was directed to consolidate the claims and issue a decision on all of them. Tr. at 1443; <u>see</u> Tr. at 1483-92, 1493 (initial denial).

On February 8, 2023, the ALJ held a hearing,[7] during which he heard from Plaintiff, who appeared with a representative,[8] and a VE. Tr. at 1424-38. On March 23, 2023, the ALJ issued a Decision finding Plaintiff not disabled through the date of the Decision. Tr. at 1400-12. The Appeals Council did not assume jurisdiction, making the ALJ's Decision the final decision of the Commissioner. On May 30, 2023, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff argues the ALJ "failed to account for the 'total limiting effects' of Plaintiff's severe impairments" in assessing Plaintiff's residual functional capacity ("RFC"), and "disregarded the Court's prior remand order" in doing so. Plaintiff's Brief – Social Security (Doc. No. 19; "Pl.'s Br.") filed September 18, 2023, at 1, 4 (emphasis omitted); <u>see</u> <u>id.</u> at 4-30. On October 18, 2023, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 25; "Def.'s Mem."), responding to Plaintiff's argument. After

---

[7]     This hearing was also held via telephone, with Plaintiff's consent, because of the ongoing pandemic. Tr. at 1426, 1513-30.

[8]     The transcript of the hearing reflects Plaintiff was represented by "Samatha O'Connor, Attorney for Claimant." Tr. at 1424. In fact, Ms. O'Connor is not an attorney. <u>See</u> Tr. at 7 (listing her credentials as "A.D.R.")

a thorough review of the entire record and consideration of the parties' respective arguments, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings.

## II.   The ALJ's Decision

When determining whether an individual is disabled,[9] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520; see also Simon v. Comm'r, Soc. Sec. Admin., 7 F.4th 1094, 1101-02 (11th Cir. 2021) (citations omitted); Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 1402-11. At step one, the ALJ determined Plaintiff "has not engaged in substantial

---

[9]    "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

gainful activity since October 31, 2016, the alleged onset date." Tr. at 1402 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: obesity; fibromyalgia; anxiety[;] and depression." Tr. at 1403 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 1403 (emphasis and citation omitted).

> The ALJ determined that Plaintiff has the following RFC:
>
> [Plaintiff can] perform medium work as defined in 20 CFR [§§] 404.1567(c) and 416.967(c) except she cannot have exposure to hot or cold environments; there should be no exposure to smoke, fumes or noxious gases; she should have no exposure to hazardous machinery; she is limited to simple, routine, repetitive tasks; she cannot perform detailed tasks but can concentrate for two-hour periods; she can have no contact with the general public and only occasional contact with coworkers.

Tr. at 1405-06 (emphasis omitted).

At step four, the ALJ found that Plaintiff "has no past relevant work." Tr. at 1410 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("29 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "machine packager." Tr. at 1410-11 (some emphasis omitted). The ALJ

concluded Plaintiff "has not been under a disability . . . from October 31, 2016, through the date of th[e D]ecision." Tr. at 1411 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 587 U.S. 97, 103 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against

the Commissioner's findings. <u>Crawford v. Comm'r of Soc. Sec.</u>, 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

## IV.   Discussion

In attacking the assigned RFC, Plaintiff challenges the ALJ's analysis of all opinion evidence, particularly the ALJ's election to rely on non-examining state agency opinions to the exclusion of all other examining and treating opinions. <u>See</u> Pl.'s Br. at 4-30. According to Plaintiff, the ALJ's reasons for finding the examining and treating opinions not persuasive are not supported by the evidence, and the ALJ failed to follow the remand Order with respect to Dr. Coleman's opinion. <u>See id.</u> Responding, Defendant argues the ALJ properly considered all of the medical opinions, and the ALJ's findings are supported by substantial evidence. Def.'s Mem. at 8-15.

Plaintiff also challenges the ALJ's evaluation of her subjective symptoms. Pl.'s Br. at 26-30. Because the undersigned determines that the matter must be reversed and remanded for reconsideration of the opinion evidence, it is unnecessary to substantively address the ALJ's discussion of Plaintiff's subjective symptoms. On remand, the ALJ shall reconsider the subjective complaints as appropriate.

The SSA revised the rules regarding the evaluation of medical evidence for claims filed on or after March 27, 2017. <u>See</u> <u>Revisions to Rules Regarding the Evaluation of Medical Evidence</u>, 82 Fed. Reg. 5844, 5844 (January 18,

2017); <u>see also</u> 82 Fed. Reg. 15,132 (March 27, 2017) (amending and correcting the final Rules published at 82 Fed. Reg. 5,844). Under the new rules and Regulations, "A medical opinion is a statement from a medical source about what [the claimant] can still do despite [his or her] impairment(s) and whether [the claimant] ha[s] one or more impairment-related limitations or restrictions in the following abilities:" 1) the "ability to perform physical demands of work activities"; 2) the "ability to perform mental demands of work activities"; 3) the "ability to perform other demands of work, such as seeing, hearing, or using other senses"; and 4) the "ability to adapt to environmental conditions." 20 C.F.R. §§ 404.1513(a)(2), 416.913(a)(2); <u>see also</u> 20 C.F.R. § 404.1502 (defining "[a]cceptable medical sources").

An ALJ need not "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a), 416.920c(a). [10] "Because section 404.1520c falls within the scope of the Commissioner's authority and was not arbitrary and capricious, it abrogates [the United States Court of Appeals for the Eleventh Circuit's] prior precedents applying the treating-physician rule." <u>Harner v. Soc. Sec. Admin., Comm'r</u>, 38 F.4th 892, 896 (11th Cir. 2022).

---

[10] Plaintiff filed her applications after the effective date of sections 404.1520c and 416.920c, so the undersigned applies the revised rules and Regulations.

The following factors are relevant in an ALJ's consideration of a medical opinion or a prior administrative medical finding: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an understanding of [the SSA's] disability program's policies and evidentiary requirements." 20 C.F.R. §§ 404.1520c(c), 416.920c(c). Supportability and consistency are the most important factors, and the ALJ must explain how these factors were considered. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). Generally, the ALJ is not required to explain how he or she evaluated the remaining factors. 20 C.F.R. §§ 404.1520c(b)(2), 416.920c(b)(2). However, if the ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." 20 C.F.R. §§ 404.1520c(b)(3), 416.920c(b)(3).[11]

The RFC assessment "is the most [a claimant] can still do despite [his or her] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). It is used at step

---

[11]    When a medical source provides multiple opinions, the ALJ is also not required to articulate how he or she evaluated each medical opinion individually. 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1). Instead, the ALJ must "articulate how [he or she] considered the medical opinions . . . from that medical source together in a single analysis using the factors listed [above], as appropriate." 20 C.F.R. §§ 404.1520c(b)(1), 416.920c(b)(1).

four to determine whether a claimant can return to his or her past relevant work, and if necessary, it is also used at step five to determine whether the claimant can perform any other work that exists in significant numbers in the national economy. 20 C.F.R. §§ 404.1545(a)(5), 416.945(a)(1). In assessing a claimant's RFC, the ALJ "must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" SSR 96-8P, 1996 WL 374184 at *5; see also Pupo v. Comm'r, Soc. Sec. Admin., 17 F.4th 1054, 1064 (11th Cir. 2021) (citing Schink v. Comm'r of Soc. Sec., 935 F.3d 1245, 1268 (11th Cir. 2019)); Swindle v. Sullivan, 914 F.2d 222, 226 (11th Cir. 1990) (stating that "the ALJ must consider a claimant's impairments in combination") (citing 20 C.F.R. § 404.1545; Reeves v. Heckler, 734 F.2d 519, 525 (11th Cir. 1984)).

Here, regarding physical impairments, Dr. Kaszuba authored an opinion on September 3, 2022 about Plaintiff's ability to function physically. Tr. at 2729-33. The opinion limits Plaintiff to greater degrees than the ultimately-assigned physical RFC for medium work with additional hazard restrictions. Compare Tr. at 2729-33, with Tr. at 1405-06 (RFC).

The administrative transcript, however, contains other opinions, dated September 6, 2022, purporting to be from Dr. Kaszuba, on Plaintiff's physical and mental functioning. See Tr. at 2738-44. When the September 6, 2022 opinions were received by Plaintiff's representative, there was some question

as to the validity of the September 6, 2022 opinions on both Plaintiff's physical and mental functioning. Tr. at 2736-37. In the end, the opinions dated September 6, 2022 were believed by Plaintiff's representative to be "forged [and] sent by the claimant [herself]." Tr. at 2736. Because of this belief, Plaintiff's representative sent new forms to Dr. Kaszuba's office, Tr. at. 2736, and he completed only the physical form on September 3, 2022, refusing to complete the mental form, Tr. at 2736, 2729-37. All of this was explained to the ALJ via a letter from Plaintiff's representative dated September 26, 2022 (prior to the ALJ's Decision). Tr. at 2736-37. The ALJ, however, overlooked the explanation and attributed all of the opinions to Dr. Kaszuba:

> The undersigned has considered the opinion of Dr. Robert Kaszuba, D.O. (See Exhibits B56F [Tr. at 2728-35] and B57F [Tr. at 2736-44]). The extreme limitations, however, are inconsistent with the medical evidence of record, including the doctor's own treatment notes, which do not contain such extreme limitations. (See e.g., Exhibit B52F [Tr. at 2498-2514]). It is also inconsistent with the opinions of the state's medical experts. The undersigned notes the actual opinion mentions muscle tenderness, but the extreme limitations simply do not match a finding of mere muscle tenderness. The other explanations appear to be based to a large extent on [Plaintiff's] subjective beliefs about her limitations. Therefore, the opinion is not persuasive.

Tr. at 1408. The ALJ's analysis is based upon a misunderstanding that Dr. Kaszuba authored all of the opinions that the ALJ attributed to him. Moreover, the ALJ cites "extreme limitations," calling them inconsistent with Dr.

- 12 -

Kaszuba's treatment notes, but it is impossible to tell whether the extreme limitations are the physical limitations actually assigned (which do not appear to the undersigned to be extreme, although more limiting than the ultimate RFC), or the mental limitations that were "forged." Tr. at 2736. As well, the citation to the entire exhibit containing Dr. Kaszuba's notes does not aid the Court, because it cannot be discerned what limitations are allegedly inconsistent with the notes. Judicial review is frustrated, and reversal with remand is required.

As to the purported opinion of Antony G. Sankookiral located at Exhibit B58F, Tr. at 2745-49, the ALJ wrongly attributed it to Dr. Sankookrial despite having been advised by Plaintiff's representative that Dr. Sankookiral did not actually complete it. (Plaintiff's representative advised the ALJ of the belief that Dr. Sankookiral's signature was "forged" the same letter that explains the oddities with Dr. Kaszuba's documents. Tr. at 2736.) The ALJ wrote:

> The undersigned has considered the opinion of Dr. Sankoorikal, M.D., who has treated [Plaintiff]. The extreme limitations contained in the opinion, however, are not persuasive. (See Exhibit [B]58F [Tr. at 2745-48]). They are not supported in the record, or in the doctor's own treatment notes, which do not contain such extreme limitations. The opinion is inconsistent with the opinions of the state's medical experts.

Tr. at 1408. The attribution of a "forged" opinion to Dr. Sankoorikal further frustrates judicial review.

As for the opinions on Plaintiff's mental functioning, the ALJ accepted the state-agency opinions to the exclusion of all other opinions in the record. Tr. at 1409-1410. The ALJ's analysis of why the examining and treating opinions were not found to be persuasive was quite limited:

> The undersigned has considered the opinions of Dr. Gerald Randall, D.O., who has treated [Plaintiff] (See Exhibits B12F [Tr. at 668-73], B13F [Tr. at 674-78], and B15F [Tr. at 682-87]). The extreme limitations contained in the opinion, however, are not persuasive as they are inconsistent with the findings on actual mental examinations. They are inconsistent with the opinion of the state's mental health experts.
>
> The undersigned has considered the opinion of Dr. Robert Coleman, Psy.D., who examined [Plaintiff] as part of vocational rehabilitation examination. (See Exhibits B19F [Tr. at 771-96] and duplicated in B26F [Tr. at 1113-38]). The one-time examination, however, is not persuasive. [Plaintiff's] performance on the testing was, according to Dr. Coleman, inconsistent with her actual achievements. The doctor seemed to rely on stereotypes in forming his opinion, and it also seems to be based in large part on [Plaintiff's] subjective statements about her abilities. The opinion is also inconsistent with the opinion of the state's mental health experts.
>
> The undersigned has also considered the opinion of Amanda Dodson, M.A., a counselor who has treated [Plaintiff]. The opinion, however, is not persuasive as it is general in nature, conclusory and does not provide any basis for her conclusion. The opinion lists symptoms and does not explain how they affect [Plaintiff's] ability to work on a function- by- function basis. (See Exhibit B14F [Tr. at 681]).
>
> The undersigned has considered the opinions of Bernadette Ackerman, APRN, who may have treated

> [Plaintiff.] The opinion, however, is not persuasive. It is little more than a checklist with little analysis or explanation. (See Exhibit [B]46F [Tr. at 1818-20]). It is inconsistent with the results of the mental examination findings contained in the file and is inconsistent with the opinion of the state's mental health experts.
>
> Similarly, the opinion of Cassandra Beck, APRN, who treated [Plaintiff], is not persuasive. It is again little more than a checklist with little analysis or explanation. (See Exhibits [B]59F [Tr. at 2750-53] and [B]60F [Tr. at 2754-58[12]]). It is inconsistent with the results of the mental examination findings contained in the file and is inconsistent with the opinion of the state's mental health experts.

Tr. at 1409-10.

The ALJ's reference throughout to general "mental examination findings" with little or no citation to or discussion of any actual treating mental health evidence frustrates judicial review. Specifically with respect to Dr. Coleman's opinion, that was the subject of this Court's remand, the ALJ's observation of him "rel[ying] on stereotypes" in rendering his opinion is unexplained. Tr. at 1409. Moreover, the ALJ's election not to discuss the consistency factor regarding the various examining and treating mental opinions of record necessitates further consideration. See 20 C.F.R. §§ 404.1520c(b)(2),

---

[12] There was an initial question of the validity of Ms. Beck's opinion, Tr. at 2736, but Plaintiff's representative reached out directly to Ms. Beck and received the same opinion directly from her office, Tr. at 2757. Accordingly, the duplicated opinion is validly from Ms. Beck.

416.920c(b)(2). Reversal and remand for reconsideration of all opinion evidence is necessary and appropriate.

## V.   Conclusion

In light of the foregoing, it is

**ORDERED**:

1.    The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

(A)    Reconsider all opinion evidence, providing sufficient explanation and analysis of the required factors to allow for meaningful judicial review;

(B)    If appropriate, reevaluate Plaintiff's subjective symptom complaints; and

(C)    Take such other action as may be necessary to resolve these claims properly.

2.    The Clerk is further directed to close the file.

**DONE AND ORDERED** in Jacksonville, Florida on September 30, 2024.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

- 16 -

kaw
Copies to:
Counsel of Record